UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FILEMON RUIZ CRUZ,<br><br>*Plaintiff*,<br><br>v.<br><br>IANA ZARA STEIN, KAREN ANN STEIN,<br><br>*Defendants*. | Civil Action No. 3:23-CV-1656-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Filemon Ruiz Cruz's motion to remand. [Doc. 7]. Having reviewed the parties' arguments, the applicable caselaw, and the underlying facts, the Court concludes that Defendants Iana Zara Stein and Karen Ann Stein (the "Steins") properly removed this action. Therefore, the Court **DENIES** the motion to remand. [Doc. 7].

### I. Background

Cruz filed suit in state court against the Steins for negligence and negligent entrustment after he allegedly sustained personal injury and property damage in a motor vehicle accident.[1] Cruz's state court petition sought "relief in excess of $250,000.00 but under $1,000,000.00."[2] The Steins removed the action on the basis

---

[1] Doc. 1-3.

[2] *Id.* at 1.

of diversity jurisdiction.[3] Cruz filed the present motion to remand requesting this Court remand the case back to state court because the Steins cannot prove the amount in controversy exceeds $75,000, and even if they could, Cruz "will file an amended complaint in this case stating that the amount in controversy is less than $75,000."[4] The Steins contend that the amount in controversy exceeds $75,000, as evidenced in their notice of removal, and it is too late for Cruz to file a stipulation suggesting otherwise.[5]

## II. Legal Standard

If "the district courts of the United States have original jurisdiction," then a civil action filed in state court may be removed to the federal court embracing the place where the action is pending.[6] Federal courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.[7] To determine whether an action is removable, federal courts must consider the claims in the state court petition as they existed at the time of removal.[8] Any ambiguity is "strictly construed in favor of remand."[9] But a post-removal

---

[3] Doc. 1.

[4] Doc. 7 at 2.

[5] Doc. 8 at 3–5.

[6] 28 U.S.C. § 1441.

[7] 28 U.S.C. § 1332(a)(1).

[8] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[9] *Id.*

"amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction."[10]

### III. Analysis

Remand is improper here because the Steins established that the amount in controversy likely exceeds $75,000. "[T]he party seeking federal jurisdiction need only demonstrate a probability that the matter in controversy exceeds the jurisdictional amount."[11] A plaintiff can defeat removal if he can show, to a legal certainty, he will not be able to recover more than $75,000.[12]

Here, Cruz's state court petition sought at least $250,000 but less than $1,000,000.[13] Even though Texas law requires a party to plead a monetary range for damage claims,[14] the range does not create ambiguity here. On its face, Cruz's petition far exceeds $75,000—Cruz seeks a *minimum* of $250,000.[15] And the breadth of damages sought in the state court petition also indicates the amount in controversy exceeds $75,000.[16] Cruz seeks monetary damages for medical bills, future medical care expenses, past and future medical pain, past and future mental anguish, past and future physical impairment, past and future lost wages, past and future loss of

---

[10] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[11] *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023).

[12] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[13] Doc. 1-3 at 1.

[14] Tex. R. Civ. P. 47(b).

[15] Doc. 1-3 at 1.

[16] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

earning capacity, and property damage.[17]  Although Cruz contends that his past healthcare expenses total less than $27,000,[18] that argument fails because his petition seeks damages for much more than his past healthcare expenses.

Furthermore, even in a pre-suit demand letter, Cruz requested at least a $130,000 settlement.[19]  Thus, up until Cruz filed the present motion to remand stating that he will refile a complaint seeking less than $75,000, there has been no indication that the amount in controversy could be less than $75,000.  Not even close.  And as the Fifth Circuit has made clear, a post-removal attempt to reduce the amount in controversy cannot defeat federal court jurisdiction.[20]  Therefore, the Court cannot consider Cruz's promise to reduce the amount in controversy to determine if removal is proper here, and Cruz did not put forth any other evidence that his claims cannot exceed the jurisdictional minimum.

## IV. Conclusion

Because the Steins have shown that the amount in controversy exceeds $75,000, and Cruz did not establish as a matter of law that his claims cannot exceed $75,000, the Court concludes that the Steins properly removed this case.  The Court therefore **DENIES** the motion to remand.  [Doc. 7].

---

[17] Doc. 1-3 at 6.

[18] Doc. 7 at 2.

[19] Doc. 1-15 at 6.

[20] *Allen*, 63 F.3d at 1336; *Gebbia*, 233 F.3d at 883.

**IT IS SO ORDERED** this 11th day of October, 2023.

                                            BRANTLEY STARR
                                            UNITED STATES DISTRICT JUDGE